## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| TARGETED JUSTICE INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:24-cv-00005 |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant Federal Bureau of Investigation ("FBI") moves for a protective order pursuant to Fed. R. Civ. P. 26(c) and respectfully requests that the Court stay discovery until after the FBI files a motion for summary judgment and allow discovery, which is rare and disfavored in a FOIA suit, only if Plaintiff establishes that such discovery is appropriate.

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed this case on March 1, 2024 (ECF No. 1), alleging claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant answered on April 8, 2024 (ECF No. 8). Plaintiff served discovery requests on Defendant on April 22, 2024, 52 days before the initial conference set for June 13, 2024. Defendant now moves for a protective order.

## STANDARD OF REVIEW

A grant of a discovery order is reviewed for abuse of discretion. *Negley v. F.B.I.*, 589 F. App'x 726, 732 (5th Cir. 2014) (internal citations omitted).

## ARGUMENT

"Discovery is 'generally inappropriate' in FOIA cases." *Brewer v. United States Dep't of Just.*, No. 3:18-CV-1018-B-BH, 2019 WL 3948351, at *5 (N.D. Tex. July 30, 2019), report and recommendation adopted, No. 3:18-CV-1018-B, 2019 WL 3947132 (N.D. Tex. Aug. 21, 2019) (citing, *e.g.*, *Negley v. F.B.I.*, 589 F. App'x 726, 732 (5th Cir. 2014)); *see also Thomas v. Dep't of Health & Hum. Servs., Food & Drug Admin.*, 587 F. Supp. 2d 114, 115 n.2 (D.D.C. 2008) ("[D]iscovery is an extraordinary procedure in a FOIA action . . . ."); *Freedom Watch, Inc. v. United States Dep't of State*, 179 F. Supp. 3d 121, 127 (D.D.C. 2016) ("[D]iscovery is generally inappropriate in a FOIA case.") (internal citations omitted); *Jud. Watch, Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000) (same).

As a general rule, courts disallow discovery in FOIA actions or permit discovery, "when deemed necessary, only on a limited basis." *Jobe v. Nat'l Transportation Safety Bd.*, No. CV 18-10547, 2019 WL 13222971, at *1 (E.D. La. Aug. 29, 2019) (citing *Wheeler v. C.I.A.*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003)). If discovery is allowed in a FOIA action, it is deemed appropriate "only after the agency has moved for summary judgment and submitted supporting affidavits or declarations." *Id.* (citing *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993)). Accordingly, "[i]t is within a district court's sound discretion to halt discovery in a FOIA case until after action on a motion for summary judgment." *Negley*, 589 F. App'x at 732 (affirming protective order halting discovery in FOIA case) (internal citations omitted).

Even after a motion for summary judgment is filed in a FOIA case, discovery is not automatically allowed. "Courts typically do not compel FOIA discovery 'until the government has first had a chance to provide the court with the information necessary to make a decision

on the applicable exemptions.'" *Physicians ACO, LLC v. Burwell*, No. 4:15-CV-00803, 2017 WL 3288057, at *3 (S.D. Tex. Aug. 1, 2017), aff'd sub nom. *Physician ACO, Ltd. Liab. Corp. v. Azar*, 756 F. App'x 457 (5th Cir. 2019) (denying motion to compel discovery in FOIA suit). Discovery is typically "not allowed at all if the Court is satisfied that the affidavits/declarations submitted by the agency are sufficiently detailed, non-conclusory, and submitted in good faith." *Id.* (citing *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200-02 (D.C. Cir. 1991)). Since "[d]iscovery relating to the agency's search . . . generally is unnecessary if the agency's submissions are adequate on their face, . . . a district court may *forgo discovery* and award summary judgment on the basis of submitted affidavits or declarations." *Exxon Mobil Corp. v. U.S. Dep't of Interior*, No. CIV.A. 09-6732, 2010 WL 4668452, at *5 (E.D. La. Nov. 4, 2010), objections overruled, No. CIV.A. 09-6732, 2011 WL 39034 (E.D. La. Jan. 3, 2011) (citing *Wood v. Fed. Bureau of Investig.*, 432 F.3d 78, 85 (3d Cir. 2005)) (emphasis added). "To justify discovery after an agency has submitted facially adequate declarations, the requester *must show bad faith* or tangible evidence that summary judgment is inappropriate." *Id.* (citing *Hardy v. U.S. Dep't of Def.*, No. CV-99-523-TUC-FRZ, 2001 WL 34354945, at *4 (D. Ariz. Aug. 27, 2001)) (emphasis added); *see also Perez v. Holder*, No. 2:12-CV-2924, 2015 WL 4094692, at *3 (W.D. La. Apr. 1, 2015), report and recommendation adopted, No. 2:12-CV-2924, 2015 WL 4112518 (W.D. La. July 7, 2015) ("Courts permit discovery in FOIA cases only where a 'plaintiff has made a sufficient showing that the agency acted in bad faith.'") (citing *Voinche v. FBI*, 412 F.Supp.2d 60, 72 (D.D.C.2006)).

Here, discovery should be stayed unless and until Plaintiff—after the FBI has moved for summary judgment—meets its burden of showing bad faith. *See Jobe*, No. CV 18-10547, 2019 WL 13222971, at *1.

## CONCLUSION

For the foregoing reasons, Defendant Federal Bureau of Investigation moves for a protective order pursuant to Fed. R. Civ. P. 26(c), staying discovery until after the FBI files a motion for summary judgment and until the Court determines that Plaintiff has shown such discovery is appropriate.

Dated: May 3, 2024                          Respectfully submitted,

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

By: */s/ Myra Siddiqui*
Myra Siddiqui
Assistant United States Attorney
Southern District No. 3257790
Texas Bar No. 24106434
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9600
Fax: (713) 718-3303
E-mail: myra.siddiqui@usdoj.gov

4

## CERTIFICATE OF CONFERENCE

I certify that on April 25, 2024, I conferred via email with counsel for Plaintiff. Plaintiff opposes the foregoing motion.

/s/ Myra Siddiqui
Myra Siddiqui
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on May 3, 2024, the foregoing was filed and served on counsel for Plaintiff via the Court's CM/ECF service.

/s/ Myra Siddiqui
Myra Siddiqui
Assistant United States Attorney