UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| TARGETED JUSTICE INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 6:24-cv-00005 |
| § | |
| FEDERAL BUREAU OF § | |
| INVESTIGATION, § | |
| § | |
| Defendant. § | |

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

The FBI has located no records to produce in this case, and Plaintiff has not created a genuine issue of fact as to whether the FBI's search was adequate. Plaintiff cannot defeat a summary judgment motion with "[m]ere speculation that as yet uncovered documents may exist." *See Negley v. F.B.I.*, 589 F. App'x 726, 730 (5th Cir. 2014).

In its response, Plaintiff takes issue with the fact that the FBI did not search the Central Records System ("CRS") and instead searched the Terrorist Screening Center ("TSC") via the Record/Information Dissemination Section ("RIDS"). To do so, Plaintiff describes CRS as an extensive system of records and not "a mere 'index.'" Yet neither party disputes the nature of CRS or the broad range of records maintained within it. At no point in his declaration does Mr. Seidel assert that CRS is merely an "index" as Plaintiff suggests or that the nature of information contained in CRS is why it was not searched.

Instead, Mr. Seidel clearly stated that the FBI did not search CRS because Plaintiff has failed to provide a specific term or data point that could be used to search CRS to locate any

1

records. As detailed in the FBI's declaration, CRS records are stored in connection with a specific individual name, investigation, program, subject, event, or initiative. *See* ECF No. 20 at 4, citing ECF No. 20-1, Seidel Decl., ¶ 11. Here, Plaintiff sought "[a]ll documents containing all the identities removed from the Terrorist Screening Database's Handling Codes 3 and 4 due to the person's death, including date of removal." Ex. A to ECF No. 20-1 at 13. Plaintiff has provided no names, investigations, or other terms for the FBI to search. *See* ECF No. 20-1, ¶ 11 ("[A]fter reviewing Plaintiff's FOIA request, the FBI determined that a standard search of the CRS would be unlikely to locate records potentially responsive to Plaintiff's request because there is no specific indexable term associated with the records sought and the records are not directly connected with a specific investigation, program, subject, event, or initiative that would be indexed in the CRS.").

Accordingly, the FBI did not search CRS and instead conducted a targeted search of the Terrorist Screening Center ("TSC") via RIDS. Specifically, the FBI instructed the TSC to conduct a search "because the FBI determined that the TSC was the most reasonably likely location to house responsive records since the TSC is responsible for the development, maintenance, and administration of the Terrorist Screening Dataset (TSDS) to which the records sought pertain." *Id.*, ¶ 12. The TSC conducted a review of their systems for documents related to the records requested and did not locate any responsive records. *Id.*, ¶ 13. The TSC further clarified that its systems' records do not contain details of an individual's death as a data point. *Id.* The FBI did not search any additional locations, as "Plaintiff has provided no information for the FBI to reasonably conclude that records responsive under the FOIA would reside in any other location and there is no indication from the FBI's targeted search

2

efforts that responsive records would reside in any other FBI location." *Id.*, ¶ 14. Thus, the FBI has established that its search was adequate, because it has showed that it used "methods which can be reasonably expected to produce the information requested." *See Batton v. Evers*, 598 F.3d 169, 176 (5th Cir. 2010) (citations omitted).

In response, Plaintiff's attempts to create a fact issue are unsuccessful. Plaintiff cites no authority for the proposition that the agency is required to affirmatively deny that the records exist. Nor does FOIA "require an agency to show that it has identified every document that is responsive to a request"; instead, FOIA requires "only that 'it performed a search reasonably calculated to yield responsive documents.'" *Negley v. F.B.I.*, 589 F. App'x 726, 729 (5th Cir. 2014) (citations omitted). FOIA does not require the agency to list every database existing at the agency and describe why each database was not searched.

Contrary to Plaintiff's arguments, the fact that the FBI searched other databases in a different case involving a different FOIA request has no bearing on whether the instant search was conducted in bad faith. Naturally, the locations searched in each case will differ depending on the records sought, as acknowledged by Plaintiff. *See* ECF No. 22 at 11 ("The adequacy of the agency's search, in turn, is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case."). In *Wright*, unlike in this case, the plaintiff sought records with specificity, such as records involving a specific press officer at the FBI, two specific articles with the author provided, and so forth. *See Wright v. Fed. Bureau of Investigation*, No. CV 18-0687 (TSC), 2023 WL 6121872, at *2 (D.D.C. Sept. 19, 2023). Plaintiff's logic does not even extend to the one case it cites—in *Wright*, the TSC was not searched like it was in

3

this case, since the request in *Wright* did not seek records involving the Terrorist Screening Dataset. The court still found the search to be adequate. *Id.* at *5-*7.

Moreover, Plaintiff has not identified any reasons why the FBI should search other databases such as Sentinel, a case management system, or Automated Case Support ("ACS"), a case management system decommissioned since 2018. *See* ECF No. 22-2, Ex. 2 to Pl.'s Resp. at 23, ¶ 46. It is not enough to simply say other databases at the FBI exist. By providing no facts as to why any other database is likely to yield responsive documents, Plaintiff has thus failed to create a genuine issue as to whether the FBI's search was adequate.

In addition, FOIA does not require agencies to create new records. *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980) ("The Act does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained."); *Rutila v. United States Dep't of Transportation*, 72 F.4th 692, 697 (5th Cir. 2023) ("FOIA imposes no duty on [an] agency to create records. . . . ") (quoting *Forsham v. Harris*, 445 U.S. 169, 186 (1980)); *Longas-Palacio v. U.S. Citizenship & Immigr. Servs.*, 658 F. Supp. 3d 416, 421 n.4 (S.D. Tex. 2023) ("[T]he Court grants summary judgment with respect to Plaintiff's request for names to the extent it is meant to require USCIS create a document . . . ."). Plaintiff incorrectly suggests that Mr. Seidel needs to "assert under oath and in detail that the search for the records requested is unduly burdensome." ECF No. 22, ¶ 28. This is false. The FBI has met its burden by asserting that any request seeking the requested information would require the creation of new records, which the Supreme Court has clarified is not required under FOIA. *See* ECF No. 20-1, ¶ 13. Plaintiff has not created a fact issue to challenge this point.

Thus, the FBI "reasonably identified certain offices it deemed most likely to hold responsive records and directed them to conduct a search . . . ." *See Wright*, 2023 WL 6121872, at \*7. Therefore, Plaintiff's "purely speculative claims about the existence and discoverability of other documents" cannot overcome the presumption that the FBI searched in good faith. *Id.* (citing *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)). Thus, Plaintiff has not created a fact issue as to whether the FBI's search was adequate and included methods reasonably expected to produce the requested information.

For the foregoing reasons and those argued in the Motion for Summary Judgment, Defendant Federal Bureau of Investigation respectfully requests that the Court enter summary judgment in its favor.

Dated: October 9, 2024                              Respectfully submitted,

                                                                               ALAMDAR S. HAMDANI
                                                                               UNITED STATES ATTORNEY

                                                                               By: */s/ Myra Siddiqui*
                                                                               Myra Siddiqui
                                                                               Assistant United States Attorney
                                                                               Southern District No. 3257790
                                                                               Texas Bar No. 24106434
                                                                              1000 Louisiana, Suite 2300
                                                                              Houston, Texas 77002
                                                                              Tel: (713) 567-9600
                                                                              Fax: (713) 718-3303
                                                                              E-mail: myra.siddiqui@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on October 9, 2024, the foregoing was filed and served on counsel for Plaintiff via the Court's CM/ECF service.

                                                      */s/ Myra Siddiqui*
                                                      Myra Siddiqui
                                                      Assistant United States Attorney