# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| TARGETED JUSTICE INC., | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 6:24-cv-00005 |
| FEDERAL BUREAU OF INVESTIGATION, | | |
| Defendant. | | |

## DEFENDANT'S RESPONSE TO MOTION REQUESTING JUDICIAL NOTICE AND ORDERS TO SHOW CAUSE

Six months after summary judgment has concluded, Plaintiff asks the Court to take judicial notice of the "article" cited by Plaintiff. Under Federal Rule of Evidence 201, a court may take judicial notice of facts that are "not subject to reasonable dispute" because they (1) are "generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). However, "[c]ourts routinely have declined to take judicial notice of facts asserted in news reports and newspapers because they are 'not a source whose accuracy cannot be questioned.'" *Ambler v. Williamson Cnty., Texas*, No. 1-20-CV-1068-LY, 2021 WL 769667, at *4 n.8 (W.D. Tex. Feb. 25, 2021) (collecting cases). Here, the article cited by Plaintiff is "not proper material for judicial notice. It was not established that the accuracy of the articles could not reasonably be questioned, nor that the facts were 'generally known within the' district court's jurisdiction." *Petrobras Am., Inc. v. Samsung Heavy Indus. Co., Ltd.*, 9 F.4th 247, 255 (5th Cir. 2021) (citation omitted); *see also Fathergill v. Rouleau*, No. CIV.A. 3:03-CV-0879-, 2003 WL

22342718, at *5 (N.D. Tex. Oct. 14, 2003) (declining to take judicial notice of article because it was not a source whose accuracy cannot reasonably be questioned, relied on small survey size and had no data to demonstrate veracity of survey responses).

The article cited by Plaintiff was posted on *The Gateway Pundit*. The article cites no authorities and includes multiple quotes without any source for the quote. *See* ECF No. 27-1. Because the article is not one whose "accuracy cannot reasonably be questioned," the Court should decline to take judicial notice of the article.

Nor should the declaration be struck, as Plaintiff "has provided no competent evidence that [the declarant's] testimony is completely untrustworthy or not based on personal knowledge such that his declaration must be struck." *Magicon, LLC v. Weatherford Int'l, Inc.*, No. 4:08-CV-03636, 2009 WL 7868862, at *5 (S.D. Tex. Aug. 14, 2009); *see also Pasquale v. Tropicana Atl. City Corp.*, No. CV 20-06909, 2022 WL 2816897, at *4 (D.N.J. July 19, 2022) (denying motion to strike where court found "no inconsistency or inherent untrustworthiness that would require it to strike the declaration"); *HSBC Bank USA v. Davis*, No. 12-CV-6801, 2018 WL 1156199, at *2 (N.D. Ill. Mar. 5, 2018) (denying motion to strike declaration which described personal knowledge of business practices and documentary evidence supporting statements). Lastly, Plaintiff provides no legal basis to require a government agency to submit a new declaration simply because of a change in administration.

For the foregoing reasons, Plaintiff's motion should be denied.

Dated: April 14, 2025                              Respectfully submitted,

                                                  NICHOLAS J. GANJEI
                                                  UNITED STATES ATTORNEY

By: /s/ *Myra Siddiqui*
Myra Siddiqui
Assistant United States Attorney
Southern District No. 3257790
Texas Bar No. 24106434
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9600
Fax: (713) 718-3303
E-mail: myra.siddiqui@usdoj.gov

## **CERTIFICATE OF SERVICE**

  I certify that on April 14, 2025, the foregoing was filed and served on counsel for Plaintiff via the Court's CM/ECF service.

                */s/ Myra Siddiqui*
                Myra Siddiqui
                Assistant United States Attorney